CITY OF NEW ALBANY *v.* SLATTERY.

[No. 10,095. Filed October 28, 1919. Rehearing denied February 6, 1920.]

1. MUNICIPAL CORPORATIONS.—*Sidewalk Accident.—Knowledge of Defects.—Mixed Question of Law and Fact.—Notice Not Proper Subject of Interrogatory.*—In an action to recover for injuries sustained by stumbling over loose bricks and a hole in the sidewalk, alleged to have been in such condition for six months, and of which it was averred the city had had both actual and constructive knowledge, the question of notice is a mixed question of law and fact concerning which it is not proper directly to ask the jury. p. 508.

2. MUNICIPAL CORPORATIONS.—*Sidewalk Accident.—Notice of Defects.—Answers to Interrogatory.—Construction With Complaint.*—Where a complaint for damages by reason of dangerous condition of a sidewalk made specific allegations of the precise nature of the defects and of their continuance for a long time prior to the accident and averred both actual and constructive knowledge thereof on the part of the city, answers of "no evidence" to a line of interrogatories relating to notice or knowledge of such defects will be construed in connection with such allegations and held to mean that the city had no actual notice or knowledge of the described dangerous conditions. p. 508.

3. MUNICIPAL CORPORATIONS.—*Sidewalk Accident.—Notice of Defect.—Interrogatories to Jury.—Answer of No Evidence of Actual Notice Not Irreconcilable With Verdict.*—In an action for damages by reason of defects in a sidewalk alleged to have been in the same condition six months prior to the accident, answers to interrogatories that exclude actual notice or knowledge of such condition on the part of the city or its officers but that fail to contradict the averments of the complaint as to the length of time such condition had existed, are not in irreconcilable conflict with the general verdict. p. 508.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Sophia Slattery against the City of New Albany. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles L. Jewett, Walter V. Bulleit* and *Henry E. Jewett,* for appellant.

*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

McMahan, J.—Complaint by appellee to recover damages alleged to have been sustained by her while passing over a sidewalk in the city of New Albany. Trial by jury. Verdict and judgment for appellee.

The complaint alleged that appellant carelessly and negligently kept and maintained the sidewalk where appellee was injured in a defective, unsafe and dangerous condition for traveling, in that it negligently kept, suffered and permitted a large hole and excavation to be in the sidewalk in the traveled portion thereof, and that a part of the brick around the edge of the hole were loose, unsupported, and liable to turn when stepped upon, which made said sidewalk unsafe for travel; that appellant negligently maintained said walk in said dangerous condition without any barriers or guards around said hole and excavation; that said dangerous, unsafe and unguarded condition had existed for more than six months prior to appellee's injury; that the appellant long prior thereto well knew of said dangerous condition of the sidewalk, or, by the exercise of ordinary care, could have known of such dangerous condition long enough to have remedied and repaired the same,

and that appellee had no notice or knowledge of its unsafe condition.

The jury in the answer to interrogatories found the following facts: Appellee, while passing along the sidewalk on the east side of Fourth street, stepped on a loose brick in the sidewalk and was injured. Just before she reached the place where she was injured, she was looking across the street at some children playing, and did not see the brick before she stepped upon it. She could not have seen the same in time to have avoided the injury if she had looked down at the walk instead of looking across the street at the children. She had not often passed over the place where she was injured, and there was no evidence that she had ever passed safely over said walk. She would have received the injury if she had used care for her own safety. The hole mentioned in the complaint was close to the building abutting on the sidewalk, but the loose brick on which she stepped was not near the building. She would have been injured if she had been walking in the middle part of the sidewalk. There is no evidence that the appellant knew or had any notice of the existence of the hole and loose brick mentioned in the complaint until after appellee was hurt. Appellee could not have seen the hole and loose brick if she had looked at the sidewalk. Her failure to look at the sidewalk where she was walking was not the cause of her injury, as she would not have escaped the injury had she looked at the sidewalk, nor did such failure contribute to her injury. Her injury did not result from her failure to look at the walk or to observe that care which an ordinarily prudent person would have observed in passing along said sidewalk.

Appellant's motion for judgment *non obstante* was overruled. This action of the court is the only error assigned. Appellant's contention is that the negligence charged against appellant was failure to repair after knowledge of the unsafe condition of the sidewalk; that this knowledge was stated in two ways: (1) That the city and its officers knew of the condition of the sidewalk, or (2) could have known it by the exercise of ordinary care, and that appellee cannot recover without proving that the city had actual or constructive notice of the alleged defective condition in the sidewalk. The complaint charged that: "For more than six months prior to the happening of the grievances hereinafter set forth, said defendant, its officers and agents at the date of the happening of the grievances hereinafter set forth, and long prior thereto well knew of the said dangerous and unsafe condition of said sidewalk as aforesaid, or by the *exercise of ordinary care could have known of the same* long enough prior to October 20, 1915, to have remedied and repaired the same."

The interrogatories and answers depended upon to overthrow the general verdict are as follows: "1. Was the plaintiff injured because she stepped on a loose brick in the sidewalk on east Fourth in the city of New Albany? Answer. Yes. 2. Had the city of New Albany before that time any notice of the fact that said brick which the plaintiff claims turned under her foot was in a defective condition. Answer. No evidence. 12. Did the city of New Albany know or have any notice of the existence of the hole and loose bricks mentioned in plaintiff's complaint until after the plaintiff had been hurt? Answer. No evidence."

Appellant insists that the answers, "No evidence,"

to the interrogatories last stated are so repugnant to the general verdict that both cannot be true, and that an element essential to appellee's recovery was not established by the evidence.

The jury by the general verdict found that the sidewalk where appellee was injured was unsafe for traveling on account of a large hole and excavation in the traveled portion thereof; that the brick forming the edge of the walk around said hole and excavation were loose, unsupported and liable to turn when stepped upon; that appellant negligently maintained said walk in said unsafe condition without any barriers or guards around it; that said unsafe and unguarded condition had existed for more than six months prior to the time appellee was injured; that appellant knew of said unsafe condition long prior to said time, or that it could by the exercise of ordinary care have known of such condition long enough prior thereto to have remedied and repaired the same.

The answer of "No evidence" to an interrogatory submitted to a jury is a finding against the party having the burden as to the proposition stated in such interrogatory. If the defective and unguarded condition of the sidewalk in question had existed for a period of six months, and the jury by its verdict found it had, the appellant was under the law chargeable with notice of such conditions. Appellee was not required to prove any other facts to charge appellant with notice. *Town of Newcastle* v. *Grubbs* (1908), 171 Ind. 482, 86 N. E. 757. The finding that there was "No evidence" on the question whether the appellant knew or had notice of the existence of the hole and loose brick prior to the time appellee was injured cannot be said to be in irreconcilable conflict with the general verdict. A finding with re-

spect to knowledge ordinarily includes both actual and constructive. What the jury probably meant by its answer of "No evidence" in this connection is that appellant had no actual knowledge of the existence of the hole and loose brick. The jury by the general verdict found that the sidewalk was defective by reason of the hole, excavation and unguarded condition, and had remained in that condition for such a length of time that appellant by the exercise of ordinary care could have known of this condition in time to have repaired and remedied it, and hence is liable to appellant for the consequences. The special facts found by the jury did not throw any light upon the length of time the unguarded hole and excavation had been in the sidewalk, and, in the absence of any finding upon that subject, we must assume that the appellee proved its existence for six months as alleged in her complaint. If this be true, the special findings are not necessarily in conflict with and do not overthrow the general verdict. Every intendment and presumption is in favor of the general verdict and overrides a special finding in the absence of an irreconcilable conflict.

In cases like the one before us, it is well settled in this state that the complaining party must not only prove that the alleged defective condition existed, but that the city had knowledge thereof, actual or constructive, long enough before the accident to repair the defect, and failed to do so. The rule of constructive knowledge applies only to such defects as might have been discovered by the exercise of ordinary care and diligence. Construing the answers of the jury to the interrogatories in connection with the allegations of the complaint, we hold the effect of them to be that there was no

evidence that the appellant had any actual notice of the alleged unguarded, defective and unsafe condition of the sidewalk. In the absence of a special finding as to the length of time the unguarded excavation and loose brick had been in the sidewalk, we hold that the interrogatories and answers thereto are not in irreconcilable conflict with the general verdict. Besides, the question of notice is a mixed question of law and fact, concerning which it is not proper directly to ask the jury. *Town of Newcastle* v. *Grubbs, supra.* There was, therefore, no error in overruling the motion for judgment *non obstante.*

Judgment affirmed.