EWALD *v.* CITY OF SOUTH BEND.

[No. 15,856. Filed February 17, 1938.]

*Seymour Jansen* and *Clifford V. Du Comb,* for appellant.

*Edwin W. Hunter,* for appellee.

KIME, J.—The appellant filed a complaint in one paragraph seeking damages for personal injuries sustained by her as a result of the negligence of the appellee city. The appellee demurred and when the court sustained the demurrer the appellant refused to plead further. Judgment was rendered for the appellee. It is from that judgment that this appeal is prosecuted, the error assigned being the ruling upon the demurrer.

The complaint alleged that the appellee was a duly incorporated city; that on December 20, 1934, the appellant was a passenger on a bus which was proceeding south on Fellows Street, an arterial thoroughfare of said city; that one Jarvis was driving an automobile east on Dubail Street, which was at right angles to Fellows Street, and because of the negligence of the city the automobile of Jarvis collided with the bus causing her injuries. The allegations are set out verbatim as follows: "Plaintiff further alleges that at the time the collision of the railway bus in which she was riding and the automobile of Donald Jarvis and prior thereto, and subsequent to placing the stop sign on the west side

of said Fellows Street at the intersection of East Dubail Avenue and Fellows Street, said defendant carelessly and negligently permitted and allowed the south side of said Dubail Avenue where the same intersects said Fellows Street to become dangerous and unsafe for travel, in this, to wit: that for a period of two weeks or more prior to said collision the south side of said Dubail Avenue where it intersects said Fellows Street for a distance of fifty (50) feet westward from the west line of said intersection had been covered with a coat of ice and snow of a depth of from four to six inches; that in compliance with the regulation of said stop sign on said Dubail Avenue at the intersection of Fellows Street, the stopping and starting of motor vehicles and the grinding of wheels of motor vehicles on the ice and snow had caused said ice and snow to become uneven and full of ruts, ridges, hillocks and depressions and the ice and snow falling from the fenders and wheels and under parts of the motor vehicles when they stopped and started at the intersection because of said stop sign and the stopping and starting of motor vehicles and the grinding of the wheels of motor vehicles, and particularly the tire chains on the wheels of said vehicles had cut ruts and depressions into the ice as it had accumulated and formed and had thrown and hurled the ice into ridges and hillocks which had frozen into slick and slippery ice thereby changing the surface and condition of said ice so that when the said Donald Jarvis, who was motoring eastwardly on said Dubail Avenue, approached said intersection with said South Fellows Street the wheels of his said automobile ran into the ruts and depressions between the ridges and hillocks formed as above set out and by the deposit of ice and snow falling from the under-parts of said motor vehicles, and the said wheels, and were retained there by the ruts and depressions between the ridges and hillocks

that had been formed as hereinabove stated, which said ruts and depressions between the ridges and hillocks caused the wheels of his said automobile to skid so that the said Donald Jarvis was unable to control the movement of his said automobile which skidded and slid into said railway bus.

"Plaintiff further alleges that at the time of said collision of the motor bus in which she was riding and the automobile driven by Donald Jarvis and prior thereto, the south side of Dubail Avenue where the same intersects Fellows Street and for a distance of fifty (50) feet west from said intersection, said Dubail Avenue had been covered with snow and ice for a period of two (2) weeks or more; that in compliance with the stop sign located at said intersection as aforesaid, motor vehicles in starting and stopping caused said south side of Dubail Avenue as aforesaid to become full of depressions, ruts, ridges and hillocks of a depth and height of from four to six inches, which were slippery, all of which conditions were known to said defendant, or by the exercise of ordinary care ought to have been known by said defendant; that notwithstanding said condition, the said city of South Bend carelessly and negligently failed to place at said intersection and on the south side of said Dubail Avenue where said vehicles were required to stop, sand, cinders, gravel, or other substance to prevent automobiles from skidding, which had long prior to said December 20th, 1934, been the custom of said defendant at those intersections where the defendant required vehicles to stop by the erection of stop signs, which said custom was known to and relied upon by said Donald Jarvis at the time of said collision."

The complaint also alleged that the statutory notice was given, the extent of her injuries and that such neg-

ligence of the appellee was the proximate cause of the accident.

The demurrer alleged insufficiency of facts and carried this memorandum: "1. For memorandum and support of the foregoing demurrer the defendant would respectfully show to the court that the plaintiff's complaint is predicated upon a damage occasioned by an act of God in covering the streets in question with a coating of ice, for which there is no recovery in this state.

"2. That there is no duty on the part of the City of South Bend to make its streets free of ice and snow.

"3. That there is not shown to have been any snow or ice cast upon the place of accident except by natural causes and there is a total lack of any allegations that the snow and ice in said place was in any different form than as placed there by nature, save and except such change as may have been made by the stopping and starting of cars and the grinding of wheels of motor vehicles upon the ice and snow.

"4. That the amended complaint fails to set forth any duty on the part of the city to cover said place with sand, cinders, gravel or any other substance.

"5. That said amended complaint fails to show that the defendant omitted to do anything that approximately caused injury to this plaintiff.

"6. That there is nothing in said amended complaint establishing an action or a failure to act on the part of the defendant to cause the injury which the plaintiff complains of."

It has been established by a long line of authorities that a municipal corporation is bound to exercise reasonable care and diligence to keep its streets in a reasonably safe condition. The municipality is liable if, in view of all the circumstances, including, among others, climatic conditions, there has been

a failure to exercise reasonable care and diligence. *Johnson* v. *City of Evansville* (1933), 95 Ind. App. 417, 180 N. E. 600; *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N. E. 541; *McQueen* v. *City of Elkhart* (1896), 14 Ind. App. 671, 43 N. E. 460; *Lyon* v. *City of Logansport* (1894), 9 Ind. App. 21, 35 N. E. 128. See also 13 R. C. L. Highways, §335 et seq., Harper's Law of Torts §295, p. 660, and Restatement of Torts, §312.

The city is not liable for the fall of snow, rain or sleet or the consequent thawing and freezing and so far as we are advised is under no duty to remove all of the snow and ice. A city may become liable if it be shown that the streets have become defective and unsafe by reason of the fact that snow and ice have become an obstruction to travel and the city has had time and opportunity to remove it. *City of Linton* v. *Jones, supra.*

There are no allegations in this complaint to the effect that any snow or ice had been cast upon the street except from natural causes, nor are there allegations that the snow and ice on said street was in any other than natural formations except such change as was made by the ordinary vehicular traffic.

This complaint does not allege actionable negligence against the municipality. The court did not err in sustaining the demurrer.

Judgment affirmed.