CITY OF SOUTH BEND ET AL *v.* FINK, ADMINISTRATRIX OF THE ESTATE OF DOROTHY HELEN BRODBECK.

[No. 20,206. Filed September 7, 1966.]

*Robert J. DuComb* and *Robert M. Parker*, of South Bend, for appellants.

*Arthur A. May, Thomas H. Singer*, and *Crumpacker, May, Levy & Searer*, of South Bend, for appellee.

FAULCONER, J.—The appellee, Administratrix of the estate of Dorothy Helen Brodbeck, brought this action against appellants to recover damages for the death of appellee's decedent, by drowning, which was alleged to have occurred when her automobile left the roadway of a boulevard in the City of

South Bend, Indiana, and submerged beneath the St. Joseph River.

Trial was by jury, which returned a verdict for appellee, and judgment was duly entered thereon. From the overruling of appellants' motion for new trial this appeal is prosecuted.

Appellants set forth in the argument section of their brief the following specifications of their motion for new trial.

1. That the verdict is not sustained by sufficient evidence.
2. That the verdict is contrary to law.
3. That the verdict is not sustained by sufficient evidence and is contrary to law.
7. That the court erred in refusing to give appellants' tendered Instruction No. 10.
8. That the court erred in giving, over the objection of appellants, appellee's Instructions Nos. 10 and 13.
9 and 10. That the court erred in excluding certain offers to prove of appellants' witness.

The appellee, by her third amended complaint, alleged as follows:

"Riverside Drive is a public street running in a generally easterly and westerly direction between LaFayette Boulevard and Park Avenue, and is bounded on the north by a descending hillside which slopes into the St. Joseph River; that said street is under the care, direction and control of appellants; that for several months prior to February 28, 1962, the hillside on Riverside Drive had been designated by the Department of Public Recreation of the City of South Bend, with the approval of the Street Department of the City of South Bend, as a "play street," and was used by children for the purposes of sledding, and that barricades had been placed at the top of Riverside Drive, known as "Leeper Hill," at the intersection of Park Avenue and Riverside Drive, and at the intersection of Michigan Street and Riverside Drive, and at the intersection of Park Lane and

Lafayette Boulevard, for the purpose of protecting the sledding area of "Leeper Hill," and to keep motor vehicles off that part of Riverside Drive; that on or about February 28, 1962, appallants removed the barricades which designated Riverside Drive as a "play street," thereby indicating to the public that said "Leeper Hill" on Riverside Drive was safe to travel on; that subsequent to the removal of the barricades appellants failed to salt or sand the hill on Riverside Drive and failed to remove the curb-high ice and snow that had accumulated thereon; that there are no guard rails or barricades long the north side of the hill on Riverside Drive, which descends into the St. Joseph River, to prevent vehicles from going over the hillside on the north side of the street into the St. Joseph River; that on March 1, 1962, the deceased, Dorothy Helen Brodbeck, was operating her automobile in an easterly direction down said hill on Riverside Drive when, by reason of the negligence of appellants in maintaining the dangerous condition of said hill, her automobile was caused to leave the traveled portion of said street and go over the hillside on the north of said street and into the St. Joseph River, causing the death of decedent. That the negligence of appellants consisted of (a) failing to maintain guard rails or barricades along the north side of the hill on Riverside Drive; (b) failing to erect barricades at the top of the hill on Riverside Drive; (c) failing to remove the curb-high ice and snow which had become deeply rutted and covered with icy ridges, depressions and surface irregularities, as a result of children sliding on said hill on Riverside Drive; and, (d) removing, or permitting to be removed, on or about February 28, 1962, the barricades then erected on Riverside Drive, and at certain other intersections. That appellants had notice of, or could, by the exercise of reasonable care and diligence, have discovered the defects regarding the hill on Riverside Drive in time to have remedied them and prevented the death of appellee's decedent; and that such negligent acts of appellants were the direct and proximate cause of the death of appellee's decedent, Dorothy Helen Brodbeck."

The law in Indiana is well established that a municipal corporation is bound to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel. *Ewald* v. *City of South Bend* (1938), 104 Ind. App. 679, 683, 12 N.E. 2d 995.

"The municipality is liable if, in view of all the circumstances, including, among others, climatic conditions, there has been a failure to exercise reasonable care and diligence." *Ewald* v. *City of South Bend, supra,* at pages 683-684 of 104 Ind. App., page 996 of 12 N. E. 2d.

A city is not liable for injuries caused by defects in its streets and sidewalks due to the natural accumulation of snow and ice. *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 322, 130 N. E. 541.

"A city may become liable if it be shown that the streets have become defective and unsafe by reason of the fact that snow and ice have become an obstruction to travel and the city has had time and opportunity to remove it." *Ewald* v. *City of South Bend, supra* (1938), 104 Ind. App. 679, 684, 12 N. E. 2d 995.

We are of the opinion that from the evidence in the record before us that the jury could reasonably find or infer that appellants knowingly permitted—or, indeed, encouraged—the creation and continuance of a dangerous condition on Riverside Drive on what was called "Leeper Hill," and that such condition was not due to the natural accumulation of snow and ice.

The Director of Public Recreation, a witness for the plaintiff-appellee, testified that he was responsible for "play streets" in South Bend, that in the winter of 1961-1962 Leeper Hill was designated as a "play street" and barricades were put up to keep motor vehicles off that part of Riverside Drive because cars would have "a tendency to chew up the street so that it would lose its sledding surface," and that the barricades were not removed until a few day prior to,

or the morning of the accident. He further testified that "we asked them [Superintendent of the Street Department] not to salt or to sand that [the hills] until the sledding season was over." That this request was followed is shown by the testimony of the City Street Commissioner who testified concerning the treatment his department gave to a similar hill—LaMonte Terrace—which was not designated as a play area, that the duty of the Street Department on LaMonte Terrace during these months was to "salt and cinder LaMonte Terrace, and where the snow depth reached any appreciable height we plowed," and that an "appreciable height" was "a matter of an inch or two inches." This witness further testified that when it was determined that a hill was no longer usable as a "play street" he would be notified by the Park Department that the street would be open to normal traffic, and that upon receiving such notice "[w]e would notify our crew and the foreman in charge of this area as of this date the play streets were no longer in effect and to start treating them as other streets"; and that he received no such notice regarding Leeper Hill prior to the accident.

There is also ample evidence to show that the accumulation of snow and ice was considerable. Another witness for plaintiff-appellee testified, on direct examination, that the ice "was quite thick and full of ruts. There were many ruts all the way down the hill, but the deepest ruts were approximately one-fourth of the way from the bottom up toward the top. . . . I would say it [the ice] was . . . two to three inches deep." That the curbs were "ice covered" and that she "had difficulty trying to keep the car from sliding all over the ice."

Another witness testified that she drove down Leeper Hill the day before appellee drowned and the road "was icy"; that there were ruts near the bottom and that the curb was "covered with ice," that she had difficulty in driving her car, and that she "came very near having an accident."

Whether appellant-City was acting reasonably when it removed the barricades and opened this part of Riverside Drive to vehicular traffic without removing the snow and ice, or providing guard rails or barricades along the north side, the failure to do one or all being the negligence alleged by appellee, was, in our opinion, for the determination of the jury, as was whether one or more of the negligent acts the proximate cause of appellee's death.

Appellants argue specifications 9 and 10 of their motion for new trial, which read as follows:

"9. That the court erred in refusing to permit the defendants' witness, Delores Biber, on direct examination, to answer the following question:

" 'Q. Now Mrs. Biber, will you state what that traffic control sign is?'

over objection of counsel for the plaintiff.

"10. That the court erred in refusing to permit the defendants' witness, Delores Biber, on direct examination, to answer the following question:

" 'Q. Now Mrs. Biber, will you state what that traffic control sign is?'

after an offer to prove was made by the defendants and over the re-offering of the same objection by the plaintiff."

"In order to preserve for review the refusal of the court to permit a witness to answer a question on direct examination, the motion for new trial must show the question, the objection, and the offer to prove what evidence would have been given by the witness in answer to the question." *Blackard* v. *Monarch's, etc. Inc.* (1961), 131 Ind. App. 514, 521, 169 N. E. 2d 735, 97 A. L. R. 2d 1255.

Specifications 9 and 10 were not properly set forth in the motion for new trial and, therefore, cannot be considered by this court on appeal.

Appellants' objection, at the trial, to the giving of appellee's Instruction No. 13 was that the "entire Instruction is

ambiguous and verbose and tends to confuse." Appellants specifically objected to the phrase "active vigilance" for the reason that "said phrase does not lend itself to reasonable interpretation by a juror."

Appellants state that "the purpose of the instruction is apparently to inform the jury as to the duty of the City to observe the condition of the streets, and to further state the law with regard to the manner in which the City may be charged with knowledge."

Appellants have cited no authorities in support of their contention that said instruction is ambiguous, verbose and tends to confuse, nor have they shown in what way the instruction would have such effect in this cause. Their arguments consist of conclusions only. Even though appellants may have waived this alleged error under the Rules of the Supreme Court, we are of the opinion that any error in the choice of language in the instruction is not reversible error.

The evidence is without conflict that the City had actual knowledge of the condition of the street in question in the first place, and the use of the words "active vigilance" and "reasonable diligence" under the circumstances of this cause, considered with all other instructions, would not, in our opinion, be reversible error. Similar terms have been used in many decisions in reference to knowledge by a City of a defect in its streets. *City of Hammond* v. *Jahnke* (1912), 178 Ind. 177, 185, 99 N. E. 39; *Town of New Castle* v. *Grubbs* (1908), 171 Ind. 482, 502, 86 N. E. 757; *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449, 454, 71 N. E. 205; *City of Linton* v. *Jones* (1920), 75 Ind. App. 320, 323, 324, 130 N. E. 541; *City of New Albany* v. *Slattery* (1920), 72 Ind. App. 503, 508, 124 N. E. 755; *City of Evansville* v. *Frazer* (1900), 24 Ind. App. 628, 632, 56 N. E. 729.

Appellants first objected to the giving of appellee's Instruction No. 10 in that it fails to define the term "play

area" used therein. The duty was upon appellants if they desired an explanation or definition of such term to submit such an instruction. A reading of the evidence, pleadings and other instructions shows that the jury was adequately informed concerning these terms. Appellants again failed to cite authority in support of their contention that this instruction "tends to confuse the jury" and "is not a proper statement of the law, and casts an unfair burden on the defendant in this case." When read with all the other instructions we are of the opinion that said instruction was not reversible error.

Appellants objected to the refusal of the trial court to give its tendered Instruction No. 10. We find no error in the action of the trial court in this regard.

Appellee filed a motion to dismiss or, in the alternative, to affirm, which was held in abeyance pending final submission of this cause. Appellants requested, and were granted, permission to amend their brief and, with such amendment, we are of the opinion that appellants have sufficiently complied with the Rules of the Supreme Court and, therefore, the motion to dismiss is denied.

Appellants having failed to demonstrate reversible error, the judgment of the trial court should be affirmed.

Judgment affirmed.

Wickens, P.J., Carson and Prime, JJ., concur.

NOTE.—Reported in 219 N. E. 2d 441.