■ PAUL LARSEN et al., Respondents, v VIGLIAROLO BROTHERS, INC., et al., Defendants, and CITY OF NEW YORK, Appellant.—In a negligence action to recover damages for personal injuries, etc., the City of New York appeals from a judgment of the Supreme Court, Richmond County, dated October 15, 1979, which was in favor of the plaintiffs, after a jury trial. Judgment affirmed, with costs. The trial court did not commit error by permitting the plaintiffs' witness, Vincent O'Gorman, to testify as to prior spillages of debris and accidents at the location in question. O'Gorman lived right at that location and had frequent opportunities to observe the condition of the roadway. We also find it significant that O'Gorman was employed as a Port Authority police officer and thus had training and experience in determining the causes of accidents, and based his conclusions thereon. Further, O'Gorman, on cross-examination, was able to state the causes of the numerous accidents which occurred at the sharp curve in front of his house. Thus, he testified that some were caused by fallen debris on the roadway, some by vehicles traveling too fast, and one which was the result of a motorcyclist's failure to apply his brakes. In our opinion, then, the witness was properly allowed to testify as to prior spillages and accidents because the roadway was shown to be in substantially the same condition during these times as at the time of the accident herein (see Richardson, Evidence [10th ed], § 196). The appellant City of New York assigns further error to the trial court's refusal to permit its witness, Edward Grandte, to testify concerning the speed of the plaintiffs' motorcycle which he observed three to four seconds prior to the accident. While it is true that a witness will ordinarily be allowed to testify as to the estimated speed of an automobile (see *Marcucci v Bird,* 275 App Div 127), such rule is premised upon the prevalence of automobiles in our society and the frequency with which most people have to view them at various speeds. However, the same may not be said about motorcycles. Nevertheless, the trial court wisely permitted Grandte to testify that he viewed the plaintiffs' motorcycle for a second or less and that during that time it traveled a distance of 70 feet. The trial court then permitted the city's expert, Lawrence Dworetzky, to give his opinion, which was given in answer to a hypothetical question based on Grandte's testimony, that plaintiffs' motorcycle was traveling 47¾ miles per hour, three to four seconds prior to the accident. In view of the foregoing, the jury had before it exactly what the city wanted, viz., testimony that plaintiff, Paul Larsen, was traveling at an excessive rate of speed. Lastly, we find that the jury's verdict was not against the weight of the evidence. Plaintiffs' version of what happened was entirely credible. On the other hand, the testimony of the city's expert, Dworetzky, who admitted that he had less than a day to prepare for the case and had not even visited the accident scene, was properly rejected by the jury. Damiani, J. P., Mangano, Rabin and Margett, JJ., concur.