Rodney **CZARNECKI**,
Plaintiff-Appellant,

v.

Jens **HAGENOW**, et al.,
Defendants-Appellees.

No. 3–484A104.

Court of Appeals of Indiana,
Third District.

May 23, 1985.

---

Hugo E. Martz, Valparaiso, for plaintiff-appellant.

Leon R. Kaminski, Mark A. Lienhoop, La Porte, for defendants-appellees.

GARRARD, Judge.

In 1975 Rodney Czarnecki, who was sixteen, was working as a farm hand for Richard Swanson. He had worked on farms since he had been in the seventh or eighth grade.

On September 1, 1975 Rodney, as part of his employment, attempted to unhook a hay chopper from the tractor that had been used to pull the chopper. In doing so he failed to detach a rope that ran from the chopper through the window of the tractor cab and was tied in the cab. The rope was used so that the chopper mechanism which permitted the chopper to be shifted from a field, or operating position, to a highway,

or transport position, could be operated without leaving the tractor.

Richard Swanson had borrowed the tractor in question from his brother, David Swanson. He had borrowed the chopper from his neighbor, Jens Hagenow, the defendant in this case.

When Czarnecki attempted to drive the tractor away from the chopper the attached rope snapped and shattered the glass in the window of the tractor cab. Flying glass fragments blinded Czarnecki in his left eye.

The attached rope would have been visible to someone standing between the tractor and chopper and would have been noticed by Czarnecki if he had looked over his right shoulder before attempting to drive the tractor away from the chopper.

Subsequently this suit was commenced against Jens Hagenow, as the owner of the chopper.[1] After discovery depositions were taken Hagenow moved for summary judgment. The trial court found that Czarnecki's injury was not foreseeable by Hagenow and entered summary judgment. This appeal followed.

Two questions are raised to support the assertion that summary judgment was improper. Czarnecki contends that foreseeability is a question of fact precluding disposition by summary judgment. He also asserts a genuine factual issue existed concerning his allegation that Hagenow or one of his employees negligently tied the chopper rope to the tractor cab's window bracket. We commence with the latter question.

It is undisputed that Hagenow did not tie the rope to the tractor. He was absent, probably milking cows, when someone from Swanson's came to pick up the hay chopper. He had no business relationship with either Czarnecki or Czarnecki's employer, David Swanson. Swanson had telephoned the day before asking if he might borrow the hay chopper and Hagenow had given permission.

Czarnecki's brief asserts that the mere allegation of his complaint to the

1. Four other defendants are named in the suit but they have no bearing on this appeal.

effect that Hagenow or one of his employees negligently attached the rope to the Swanson tractor is sufficient to defeat summary judgment. This, of course, is not true. Indiana Rules of Procedure, Trial Rule 56(E); *Cunningham v. Associates Capital Services Corp.* (1981), Ind.App., 421 N.E.2d 681.

■ At oral argument counsel additionally asserted that the deposition of Hagenow's employee at the time, Todd Shireman, was sufficient to establish a genuine issue concerning whether Shireman tied the rope to the tractor.

That testimony was as follows:

"Q. Now, in talking to those various people, have you ever found out who hooked up the tractor and chopper?

A. That seems to be the mystery of the whole thing; no.

Q. Well, has it been narrowed down at all?

A. Not that I know of.

Q. Did you hook it up?

A. No.

Q. You don't know who it might have been?

A. It could have been any one of us that worked there.

Q. You know it wasn't you, is that right?

A. It's something I don't remember, as far as no [sic], I don't believe I did.

Q. But it's possible you did?[2]

A. It's possible."

Record at 11, 12.

On cross examination the following then occurred:

"Q. Mr. Shireman, when you arrived the evening of September 1, 1975, at the Hagenow farm, I'm going to ask you first, as far as the equipment involved in the accident, can you tell me whose hay chopper it was?

A. Jens'.

Q. You mean Mr. Hagenow's?

A. Yes.

Q. And I'm going to ask you whose tractor was involved?

A. Dave Swanson's.

Q. Had you ever, prior to September 1, 1975, hooked Mr. Hagenow's hay chopper to Dave Swanson's tractor?[3]

A. No, I did not."

Record at 18.

This evidence was insufficient to raise a genuine issue of fact. It is, admittedly, the *only* evidence to establish Czarnecki's allegation that Hagenow or one of his employees tied the rope to the tractor.

A jury finding to that effect would be fatally defective as based upon mere conjecture. *See Letson v. Lowmaster* (1976), 168 Ind.App. 159, 341 N.E.2d 785. As our Supreme Court held in *Gaboury v. Ireland Road Grace Brethren Church* (1983), Ind., 446 N.E.2d 1310, 1313, in order to be "genuine" within the contemplation of Trial Rule 56 there must be sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial."

Of further significance, in the same case the court ruled that,

"... contradictory testimony contained in an affidavit of the nonmovant may not be used by him to defeat a summary judgment where the only issue of fact raised by the affidavit is the credibility of the affiant."

446 N.E.2d at 1314. Although the latter statement does not directly apply to this case, its underlying premise does. Under the issue in question Czarnecki would have the burden of proof. Without contradiction by either direct or circumstantial evidence Swanson did not hook up the tractor to the chopper. His employee, Shireman, testified that he did not make the hookup. If his

---

**2.** This question was objected to and a motion to strike was made.

**3.** It appears elsewhere that the hay chopper was borrowed the day before.

acknowledgment that it was "possible" is considered, the acknowledgment would affect only the credibility of his denial. There is still no evidence that either he or Swanson *did* make the hookup. There was no genuine factual question shown to be in dispute and the court correctly granted summary judgment on this issue.

Accordingly, we turn to Czarnecki's principal contention. He urges that foreseeability is a question of fact which precludes summary judgment.

■ We commence our consideration with two observations. First, to the extent Czarnecki's argument may be taken to simply assert that because foreseeability is involved summary judgment is automatically precluded, he is in error. Foreseeability, like other fact oriented determinations such as negligence, may be determined by the court as a matter of law when the evidence admits to only one reasonable conclusion. *Surratt v. Petrol, Inc.* (1974), 160 Ind.App. 479, 312 N.E.2d 487, *rehearing denied* 160 Ind.App. 479, 316 N.E.2d 453.

Secondly, foreseeability is not, itself, an element of Czarnecki's claim. It is rather, depending upon its usage, a device for measuring or establishing several of the elements necessary to a recovery grounded on negligence.

It provides a measure of what is "proximate" in causation, especially where the violation of a statutory duty is at issue. *Kiste v. Red Cab* (1952), 122 Ind.App. 587, 106 N.E.2d 395.

More usually foreseeability is a forecaster of duty, *Surratt, supra; Palsgraf v. Long Island R. Co.* (1928), 248 N.Y. 339, 162 N.E. 99, and duty is a question of law for the court. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701.

■ As Prosser observes, duty is the determination of

"... whether, upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other—or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant."

Prosser, *Law of Torts* (4th Ed.) p. 206. A decision by the court that upon any version of the facts there is no duty will result in judgment for the defendant. However, a decision that, if certain facts are found to be true, a duty exists, leaves open the other questions necessary to a recovery for negligence. *Id.*

A number of our decisions have spoken in terms of whether the defendant owed a particular duty pertinent to the facts at issue in the case. *See, e.g., Burton v. L.O. Smith Foundry Products Co.* (7th Cir. 1976), 529 F.2d 108, (duty to warn); *Hurst v. Bd. of Commr's.* (1985), Ind., 476 N.E.2d 832; *Evansville Am. Legion Home Ass'n. v. White* (1958), 239 Ind. 138, 154 N.E.2d 109 (duty to inspect); *Larkins v. Kohlmeyer* (1951), 229 Ind. 391, 98 N.E.2d 896 (duty to anticipate and see pedestrian); *Krueger v. Bailey* (1980), Ind.App., 406 N.E.2d 665 (duties to instruct and supervise raised, but waiver found).

In some of these decisions liability is premised upon violation of a statute, and the statute is said to define the duty. *See Prest-O-Lite Co. v. Skeel* (1914), 182 Ind. 593, 106 N.E. 365, 368. However, when the action is for ordinary common law negligence, it has often been stated that where duty exists, the substance or extent of the duty is always the same: the use of reasonable, or ordinary, care under the circumstances. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701; *Liberty Mut. Ins. Co. v. Stitzle* (1942), 220 Ind. 180, 41 N.E.2d 133; *Union Traction Co. v. Berry* (1919), 188 Ind. 514, 121 N.E. 655, *rehearing denied* 188 Ind. 514, 124 N.E. 737.

If we are to apply that principle it must be recognized that, at least analytically, when courts speak of the lack of duty to perform a particular act in a common law negligence action, they are most likely determining as a matter of law that ordinary care under the circumstances does not require the performance of that act. Such a determination is, of course, also a proper

function of the court. *Lincoln Operating Co. v. Gillis* (1953), 232 Ind. 551, 555, 114 N.E.2d 873. That it is one American judges may be reluctant to openly ground their opinions on should not blind us to the reality of its occurrence.[4]

In the case at bar there is no assertion or evidence that there were any inherently dangerous defects or propensities involved in using the chopper. Our decisions recognize that there is no "duty" *to warn* concerning dangers which are open and obvious or known to the party injured. *Burton v. L.O. Smith Foundry Products Co.* (7th Cir.1976), 529 F.2d 108; *Cates v. Jolley* (1978), 268 Ind. 74, 373 N.E.2d 877.

Arguably Hagenow owed some duty of care to Swanson and his employee, Czarnecki. However, ordinary care under the circumstances did not require him to protect Czarnecki, by warning or otherwise, against the possibility that someone would tie the rope from the chopper in the tractor cab and that, despite the open and obvious attachment of the rope, Czarnecki would unhitch the chopper and attempt to drive the tractor away without untying the rope. Whether it be said that under the circumstances Hagenow owed no duty to warn, or that giving such warning was not, as a matter of law, required in the exercise of ordinary care, it is clear that summary judgment on that count was proper.

The judgment is affirmed.

HOFFMAN and SULLIVAN, JJ., (sitting by designation), concur.

---

**4.** We say that negligence is ordinarily a question of fact because "ordinarily" it should be committed to the determination of a jury. Of course, it is not a fact at all and is therefore subject at least at the outer edges to the policy determinations to be made by the courts. *See Phillips v. Croy* (1977), 173 Ind.App. 401, 363 N.E.2d 1283, 1285 and *compare* the holding in *Hurst v. Bd. of Commr's, supra.*