Joan SCHMITT, Appellant–Plaintiff,

v.

CITY OF EVANSVILLE, City of Evansville Board of Public Works, and City of Evansville Sewer & Water Utility, Appellees–Defendants.

No. 82A05–0607–CV–413.

Court of Appeals of Indiana.

March 27, 2007.

Publication Ordered June 5, 2007.

Leslie C. Shively, Shively & Associates, Evansville, IN, Attorney for Appellant.

Robert W. Rock, Bowers Harrison, LLP, Evansville, IN, Attorney for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Joan Schmitt filed a small claims action against the City of Evansville, the City of Evansville Board of Public Works, and the City of Evansville Sewer and Water Utility ("City"). She appeals the trial court's order granting the City's Motion for Judgment on the Evidence. We affirm.

### Issue

Schmitt raises two issues on appeal, one of which we conclude to be dispositive and restate as: whether the trial court erred in granting the City's Motion for Judgment on the Evidence where there was no evidence that the City had actual or constructive notice of the condition causing damage to Schmitt's home.

## Facts and Procedural History

The following are the facts most favorable to Schmitt. For fifty years, Schmitt owned a home in Evansville, built in 1886 or earlier.[1] At the time of this litigation, she was renting it to tenants. On March 27, 2005, Schmitt's tenants called her to complain about a "terrible odor" in the basement. Appendix at 11. Schmitt called a contractor who sent Joseph Buchanan to investigate that same day. Buchanan exposed the sewer line at the boundary between Schmitt's property and the City's right-of-way. Doing so, he concluded that a problem had occurred beyond Schmitt's property, and contacted the City. Buchanan observed approximately eight to ten inches of sewage in Schmitt's basement. Prior to this incident, Schmitt had not experienced any problem with the sewer.

Upon inspection, the City decided to dig within its right-of-way. With "the third or fourth whack with the jack hammer," a large portion of the street collapsed into a void below the street. *Id.* at 32. The cave-in allowed Buchanan to inspect further and to conclude that the problem occurred not with the City's main sewer line, but with the "Y connection" leading to Schmitt's home.[2] In Buchanan's opinion, the condition had probably existed for three to six months or more.

On July 25, 2005, Schmitt contacted the City about her damages. On August 15, 2005, the City responded, refusing to settle the claim and citing two alleged violations of the Evansville Municipal Code. Ten days later, Schmitt filed a small claims action, seeking reimbursement for $3000 in damages resulting from the City's alleged

negligence. On December 29, 2005, the City denied her claim.

On June 29, 2006, the small claims court held a bench trial. After presentation of Schmitt's case, the City moved for judgment on the evidence, arguing that it would have breached a duty to Schmitt only if it had had notice of the particular defect. The small claims court granted the City's motion. Schmitt now appeals.

## Discussion and Decision

### I. Standard of Review

Our review of a ruling on a Motion for Judgment on the Evidence is the same as that used by the trial court in making its decision. *Cavens v. Zaberdac,* 849 N.E.2d 526, 529 (Ind.2006) (citations omitted). The trial court shall enter judgment on the evidence where the evidence is not sufficient to support one or more of the issues in a case. Ind. Trial Rule 50(A). We look only to the evidence and reasonable inferences most favorable to the non-movant. *Cavens,* 849 N.E.2d at 529 (citations omitted). Where the trial court has made a conclusion of law based upon undisputed facts, our standard of review is de novo. *Id.* (citations omitted).

### II. Analysis

■ In alleging negligence, the plaintiff must show: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by allowing conduct to fall below the applicable standard of care; and (3) a compensable injury proximately caused by defendant's breach of duty. *Mangold ex rel. Mangold v. Ind. Dep't of Natural Resources,* 756 N.E.2d 970, 975 (Ind.2001) (citing *Bader v. Johnson,* 732 N.E.2d 1212, 1216–17 (Ind.2000)). Where the defendant is a governmental entity, the Tort Claim

---

1. Schmitt presented no evidence regarding when the sewer was first installed.

2. The parties argue whose responsibility it was to maintain the "Y connection." Based upon our consideration of other grounds, however, we do not reach this issue.

Act establishes immunity from losses resulting from the failure to inspect and negligent inspection. Ind.Code § 34–13-3–3(12). This statute abrogated any case law supporting a governmental entity's liability for negligent inspection. *See, e.g., City of Evansville v. Frazer,* 24 Ind.App. 628, 56 N.E. 729 (Ind.Ct.App.1900) (presuming the city's notice of decaying, wooden sidewalk).

■ Furthermore, a city is not strictly liable for injuries resulting from defects in the city's infrastructure. *City of Indianapolis v. Bates,* 168 Ind.App. 555, 343 N.E.2d 819, 822 (Ind.Ct.App.1976). In *Bates,* a traffic light showed green for streets running perpendicularly. After Bates suffered injury in the intersection, Bates sued the City of Indianapolis. Bates stipulated that the defendant had no notice of the condition. The trial court found liability, concluding the City of Indianapolis was strictly liable regardless of its actual or constructive notice of the malfunction with the traffic light. This Court reversed, holding that Bates could recover only under a negligence theory and that the city must have had actual or constructive knowledge of the defect to be liable. *Id.* at 821–22. *See also State v. Bouras,* 423 N.E.2d 741, 745 (Ind.Ct.App.1981) ("[W]here there is neither actual nor constructive knowledge of a dangerous condition, so that even the reasonably prudent person would not have been alerted to action, then there is no negligence.").

■ Here, Buchanan testified that the defect had existed for three to six months. The sewer was underground, not subject to observation. There was no evidence that the City knew or should have known of the condition. To the contrary, Schmitt stated plainly that she had not had any problems with the sewer prior to this incident. Regardless of whose responsibility it was to maintain the defective "Y connection," the City cannot be found liable for Schmitt's damages absent evidence that the City had actual or constructive notice of the defect.[3]

### Conclusion

The trial court did not err in granting the City's Motion for Judgment on the Evidence.

Affirmed.

VAIDIK and BARNES, JJ., concur.

### *ORDER*

On March 27, 2007, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellees, by counsel, have filed a Motion to Publish Memorandum Decision. The Appellees state that this Court's decision clarifies the law as it relates to the notice of a defective condition of a sewer, the condition precedent to a duty for a municipality to repair a defective sewer, and therefore is of unique interest

---

3. The cases upon which Schmitt relies do not suggest a different conclusion. *See Hodge v. Town of Kingman,* 519 N.E.2d 1266 (Ind.Ct. App.1988) (concluding complaint stated grounds upon which relief could be granted, where plaintiff alleged negligent construction); *City of New Albany v. Slattery,* 72 Ind. App. 503, 124 N.E. 755 (1919) (affirming judgment where a large hole in the sidewalk had existed for more than six months); *Murphy v. City of Indianapolis,* 158 Ind. 238, 63 N.E. 469 (1902) (reversing trial court where sewer caved in more than a year prior to injury); *City of Ft. Wayne v. Coombs,* 107 Ind. 75, 7 N.E. 743, 744–45 (1886) ("In this case the complaint charges that the sewer was suffered to remain out of repair for two years prior to the injury done to the plaintiff's property, and there can be no doubt that this was sufficient to charge the corporation with notice.").

to the bar and general public and of substantial importance.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellees' Motion to Publish Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on March 27, 2007, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All panel members concur.