535 A.2d 621

**Mary Jean GLICK and David Lynch, Jr., Appellants,**

**v.**

**OLDE TOWN LANCASTER, INC., High Industries and Calvin G. High.**

Superior Court of Pennsylvania.

Argued Feb. 12, 1987.

Filed Dec. 31, 1987.

420

Joseph A. McIntyre, Lancaster, for appellants.

Joel D. Smith, Lancaster, for appellees.

Before CIRILLO, President Judge,* and BECK and HESTER, JJ.

HESTER, Judge:

This case presents the issue of the circumstances under which a landowner can be held liable to a member of the public for injuries resulting from a criminal attack occurring on the landowner's property. Appellants allege that a landowner [1] promised to resecure a vacant building and that appellant was raped by an unknown criminal therein before

---

\* President Judge Cirillo has been substituted on this panel for the late Justice Roberts, who originally heard oral argument.

1. Neither appellants nor appellees have explained the exact relationship among appellees, Olde Town Lancaster, Inc., High Industries, Inc., and Calvin G. High, or the relationship the latter two have to the

the building was secured.  We hold that the landowner cannot be held liable under these circumstances and that the complaint failed to state a cause of action upon which relief may be granted.  We therefore affirm the order of the trial court which sustained appellees' demurrer to the complaint.

In considering preliminary objections in the nature of a demurrer, the following standards apply:

> [P]reliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom.  Conclusions of law and unjustified inferences are not admitted by the pleading.  Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought.  If such is the case, the demurrer may not be sustained.

*Abarbanel v. Weber*, 340 Pa.Super. 473, 479, 490 A.2d 877, 880 (1985) (citations omitted).

We therefore take as true the following facts alleged in appellants' complaint:

> 5.  On or about September 2, 1977, defendant, Olde Town Lancaster, Inc., purchased numerous dwellings located in and around the Historic District of the City of Lancaster, including those dwellings located at 123–125 South Christian Street.
>
> 6.  Defendant, Olde Town Lancaster, Inc., remained the owner of 123–125 South Christian Street for approximately 6 years until May 25, 1984.
>
> 7.  During this period of ownership by defendant, Olde Town Lancaster, Inc., the dwellings remained uninhabitable.
>
> 8.  Prior to March 25, 1984, the defendants knew, or should have known, that this location was being frequented by itinerants, and other individuals who used the

property in question.  However, appellants have alleged that all three appellees made a promise to resecure the building and all three negligently breached it.  We will refer to appellees collectively as "Olde Town."

premises in order to carry on illicit activities, which were, or could have been, dangerous to the public.

9. Prior to March 25, 1984, the defendants unsuccessfully attempted to secure the dwellings to prevent entrance into them by partially boarding up windows and doors with material which was inadequate to prevent entrance.

10. Prior to March 25, 1984, the defendants knew, or should have known, that its prior attempt(s) to secure the dwellings were unsuccessful and that the dwellings continued to be used by these individuals for illicit purposes, which were, or could have been dangerous to the public.

11. On March 20, 1984, defendants were notified by the Bureau of License and Structural Inspections for the City of Lancaster that inspection of the dwellings revealed that they were not secured from entrance and evidence was found that itinerants had been in the dwellings.

12. Defendants assured the Bureau of License and Structural Inspectors for the City of Lancaster that defendants would undertake to correct this problem by resecuring the doors and windows. However, the defendants failed to do so.

13. On Sunday, March 25, 1984, at approximately 9:00 a.m., plaintiff, Mary Jean Glick, was accosted by a still unknown individual on the first block of East Vine Street while she was walking to church.

14. The aforesaid individual forced plaintiff, Mary Jean Glick, to proceed west on Vine Street then turn south on Christian Street, proceed down Christian Street to the aforesaid dwellings located at 123–125 South Christian Street. Plaintiff was then forced to enter the dwelling from the rear through an unsecured, open doorway. Thereafter, she was assaulted, battered, and raped for approximately a two hour period of time.

Appellants further allege that the incident described in the complaint caused them physical and emotional distress and that the injuries were a direct result of the negligence of appellees.

Appellants assert that the trial court erred in holding that their complaint failed to state a valid cause of action under

Pennsylvania law. Appellants, relying on various sections of the Restatement (Second) of Torts (1965),[2] allege that Olde Town is liable to them, as "third persons," for negligently failing to resecure the building following its promise to the City of Lancaster to do so. Section 324A provides:

§ 324 A. Liability to Third Person for Negligent Performance of Undertaking

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Appellants argue that the Pennsylvania Supreme Court's analysis in *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742 (1984), requires the conclusion that their complaint states a valid cause of action under section 324A. *Feld* established the principle that the landlord of an apartment complex has no duty, in the absence of a promise, to protect a tenant from criminal activity on the landlord's property. The *Feld* court held, however, that a landlord may be liable if he makes a promise to provide security and then negligently performs that promise, citing section 323 of the Restatement.

[A]lthough there is a general rule against holding a person liable for the criminal conduct of another absent a preexisting duty, there is also an exception to that rule,

**2.** Appellants cite sections 321 and 323 of the Restatement. The section most applicable, however, is section 324A. It incorporates the same basis of liability as section 323, negligent performance of an undertaking, but applies a duty toward third persons rather than the person to whom the promise was made. As the basis of liability is the same under sections 323 and 324A, cases discussing section 323 are relevant to our analysis of section 324A.

i.e., where a party assumes a duty, whether gratuitously or for consideration, and so negligently performs that duty that another suffers damage.

. . . .

When a landlord by agreement or voluntarily offers a program to protect the premises, he must perform the task in a reasonable manner and where a harm follows a reasonable expectation of that harm, he is liable. The duty is one of reasonable care under the circumstances. It is not the duty of an insurer and a landlord is not liable unless his failure is the proximate cause of the harm.

*Feld*, 506 Pa. at 392–94, 485 A.2d at 746–47. *Feld* thus adopted the principle of section 323 to hold that a landlord who makes a promise to his tenants to provide security creates for himself the duty to exercise reasonable care in performing the undertaking. Appellants ask us to apply this principle under section 324A to establish a duty of a landowner toward members of the public.

■ We hold that section 324A is inapplicable to this case because appellants were not within the class of persons the provision was designed to protect. In order for section 324A to apply, it must be established that the service of resecuring the dwellings was necessary for the protection of persons such as appellants.

We do not view the harm suffered by appellant Glick as being the type of risk which Olde Town's promise to resecure the dwellings was intended to avert. Securing vacant dwellings is intended to protect members of the public who might otherwise be tempted to trespass therein and to protect neighboring property owners from risks such as fire and unsanitary conditions which might be created by trespassers. *See Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977). The practice of securing vacant dwellings is not designed to prevent the abduction of citizens blocks or miles away and their removal to the vacant building to be assaulted and raped. The unsecured dwelling was a wholly fortuitous factor in the crimes committed against appellant Glick. Glick's rapist would have accomplished his atrocity whether or not Olde Town's property remained unsecured. He

would simply have transported her to a different location: another dwelling, basement, automobile, hedge, ditch, park or field. The relationship between Olde Town's failure to secure its vacant real estate and the vicious crimes against Glick is far too attenuated to support a cause of action under Restatement § 324A.

■ Even if we were to conclude that Olde Town's promise to resecure its property was intended to protect against the type of harm suffered by appellant Glick, section 324A still would not apply. The provision additionally requires that one of the subdivisions be satisfied:

> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

None of these additional conditions is present.

Subsection (a) does not apply, for Glick's rapist could have abducted her to an infinite number of locations, and Olde Town's unsecured vacant property did not increase the risk of harm to Glick, as we have discussed.

Subsection (b) does not apply, for the city owed no duty to Glick to secure the Olde Town property. *Casey v. Geiger*, 346 Pa.Super. 279, 289–92, 499 A.2d 606, 612–14 (1985).

Subsection (c) is also inapplicable, as it requires the harm to be caused either by the city's or by Glick's reliance on Olde Town's promise. It is obvious that Glick herself did not rely on the promise, for she had no way of knowing about it. It is equally obvious that if the city placed any reliance on the promise, that reliance did not cause the harm suffered by Glick. It would be absurd to postulate that if Olde Town had not made its promise to the bureau of inspections, the City of Lancaster would have prevented Glick's rape, either by taking legal action before Sunday morning or by some other means.

■ Our holding is consistent with recent guidance from the Supreme Court of Pennsylvania in the interpretation of

Restatement § 324A.  In *Cantwell v. Allegheny County*, 506 Pa. 35, 483 A.2d 1350 (1984), the court analyzed section 324A and refused to apply it in that case.  The third person plaintiff in *Cantwell* was a man who had been arrested for committing a series of rapes.  The defendant was a crime lab which was responsible for assisting the prosecuting police departments by scientifically analyzing evidence.  In rendering that service, the crime lab had been negligent.  It failed to test all clothing and hospital specimens submitted to it for blood-typing, both before and after the plaintiff's arrest;  it incorrectly informed the police that it was too late to perform blood typing;  and it failed to perform properly those tests which it undertook to perform.  Subsequent scientific tests performed while the plaintiff's criminal trial was in progress proved that he could not have committed three of the rapes charged against him and resulted in the dismissal of all charges.  The plaintiff alleged that his wrongful incarceration, indictment and trial were caused by the crime lab's negligence in performing its scientific services for the police.  *Id.*, 506 Pa. at 38–39, 483 A.2d at 1352.

The supreme court's analysis focused on the requirement of foreseeability, stating that section 324A did not alter the traditional requirement that foreseeable harm befall a foreseeable plaintiff.  If a defendant has no reason to foresee that his undertaking is necessary for the protection of the third person plaintiff, section 324A does not apply.  *Id.*, 506 Pa. at 41, 483 A.2d at 1354.  The supreme court unanimously held that the crime lab had no reason to foresee that the scientific analyses it undertook to perform for the police were necessary for the protection of a criminal suspect such as Cantwell.  *Id.*, 506 Pa. at 41–42, 483 A.2d at 1354.

Applying *Cantwell's* interpretation of section 324A to this case, we hold that Olde Town, when it promised to resecure its dwellings, had absolutely no reason to foresee that the service was necessary for the protection of kidnap victims such as appellant Glick.

█  Finally, we hold that appellant's complaint does not satisfy Restatement § 324A in that its factual allegations are insufficient to support the necessary finding of negli-

gence by Olde Town in the performance of its undertaking. The complaint alleges that on Tuesday, March 20, 1984, Olde Town was notified by Lancaster's bureau of inspections that Olde Town's buildings were unsecured, and further alleges that Olde Town assured the bureau that Olde Town would undertake to correct the problem. On Sunday, March 25, 1984, appellant was kidnapped, taken to Olde Town's dwelling, and raped. Noticeably absent from the complaint are allegations as to when Olde Town received the notice from the inspection bureau and when Olde Town promised to resecure the buildings. There is no indication of the extent of the repairs necessary to resecure the dwellings, except that Olde Town's initial attempts to secure the dwellings had apparently been thwarted by trespassers who removed the boards covering the doors and windows, so that extraordinary measures would be required to resecure the dwellings. The allegations of the complaint are insufficient to support a finding of negligence on the part of Olde Town for its failure to complete such repairs within days or hours of its promise.

We therefore hold that the facts alleged by appellants do not state a cause of action under the Restatement (Second) of Torts § 324A and affirm the order sustaining appellees' demurrer and dismissing the complaint.