**Heather JOHNSON**

v.

**WAYNE MANOR APARTMENTS, and Lincoln Management Co. and Irving Goldstein.**

No. 93–CV–1524.

United States District Court, E.D. Pennsylvania.

Nov. 24, 1993.

John R. Brown, Labrum and Doak, Philadelphia, PA, for plaintiff.

John J. O'Brien, O'Brien and O'Brien Associates, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

By way of the motion which is now pending before this court, the defendants in the instant civil action, Wayne Manor Apartments, Irving Goldstein and the Lincoln Management Company, contend that they are now entitled to the entry of summary judgment in their favor as a matter of law. For the reasons which follow, we cannot agree with the defendants' contention and their motion must therefore be denied.

### I. HISTORY OF THE CASE

This case, which was commenced in this court on the basis of the parties' diverse

citizenships, arose in the early morning hours of July 13, 1991 when the plaintiff, Heather Johnson, was awakened by an unknown criminal intruder in the bedroom of her apartment at the Wayne Manor Apartment Complex in Philadelphia and subsequently assaulted, raped and robbed by that individual. From all appearances, the plaintiff's assailant gained access to her third story apartment by scaling the fire tower which was adjacent to and entering through the apartment's kitchen window. On or about March 23, 1993, the plaintiff brought this suit for her personal and psychological injuries and damages against the apartment complex, its owner and management company alleging that the said defendants were negligent in that they did not properly inspect the premises to ascertain the presence of criminal persons nor did they properly provide and maintain the security program that was in place at the complex. Defendants, in turn, answered the complaint by denying all of the plaintiff's allegations, including the averments that they had voluntarily undertaken the responsibility to provide security for the apartment complex and that any type of security "program" was in place at Wayne Manor before or at the time of the plaintiff's attack. Defendants' motion for summary judgment now urges this court to find that there is no factual support in the record of this matter to substantiate the plaintiff's claim that a so-called "program of security" ever existed at the defendant complex or that it failed to protect her on the morning of July 13, 1991.

## II. DISCUSSION

### A. *Applicable Legal Standards to Summary Judgment Motions*

The standards to which the district courts must adhere in disposing of motions for summary judgment are well and firmly established and have been succinctly outlined by Fed.R.Civ.P. 56(c). That Rule states, in relevant part:

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

It is thus incumbent upon a court in considering a motion for summary judgment to determine whether the evidence can reasonably support a verdict for the non-moving party. In making this determination, all of the facts must be viewed in the light most favorable to and all reasonable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *U.S. v. Kensington Hospital,* 760 F.Supp. 1120, 1126–1127 (E.D.Pa. 1991). In this regard, it has been held that an issue is "genuine" if the fact-finder could reasonably hold in the non-movant's favor with respect to that issue and that a fact is "material" if it influences the outcome under the governing law. *Anderson,* 477 U.S. at 247–248, 106 S.Ct. at 2509–2510.

This is not to say, however, that a non-moving party may rest upon the allegations contained in his or her pleadings in defense of a summary judgment motion. To the contrary, Fed.R.Civ.P. 56(e) provides:

When a motion for summary judgment is made and supported as provided for in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth genuine specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As a consequence, while the moving party bears the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element of its case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3rd Cir.1990).

## B. Landlord's Duty of Care to Tenants with Respect to Criminal Conduct of Third Persons

It is of course beyond cavil that federal courts sitting in diversity must apply the substantive law of the state in which it sits and whose laws govern the action. *Griggs v. Bic Corp.,* 981 F.2d 1429, 1431 (3rd Cir.1992) and *Nationwide Insurance Co. v. Resseguie,* 980 F.2d 226, 229 (3rd Cir.1992), both citing *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Accordingly, it is the law of Pennsylvania on negligence and landlord-tenant relationships which governs here.

In Pennsylvania, the basic elements of a cause of action founded upon negligence are: (1) a duty or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on his part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *Casey v. Geiger,* 346 Pa.Super. 279, 499 A.2d 606, 612 (1985). The threshold inquiry in any negligence action thus becomes whether a duty was owed by one party to the other.

■ Although well settled landlord-tenant law holds landlords to a duty to protect tenants from injury arising out of their negligent failure to maintain their premises in a safe condition, criminal acts of a third party belong to a different category and can bear no analogy to the unfixed radiator, unlighted steps, falling ceiling or the other myriad possibilities of one's own personal negligence. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742, 745 (1984). Indeed, the Pennsylvania Supreme Court held in *Feld* that, under the Restatement (Second) of Torts § 323, the landlord of an apartment complex has no duty, in the absence of a promise, to protect a tenant from criminal activity on the landlord's property. *Glick v. Olde Town Lancaster, Inc.,* 369 Pa.Super. 419, 535 A.2d 621, 624 (1987). This general rule notwithstanding, when a landlord by agreement or voluntarily offers a program to protect the premises, he must perform the task in a reasonable man-

ner and where a harm follows a reasonable expectation of that harm, he is liable. The duty is one of reasonable care under the circumstances. It is not the duty of an insurer and a landlord is not liable unless his failure is the proximate cause of the harm. *Id.* quoting *Feld,* 506 Pa. at 382–94, 485 A.2d at 746–47. The *Feld* court further reasoned:

"... A program of security is not the usual and normal precautions that a reasonable home owner would employ to protect his property. It is, as in the case before us, an extra precaution, such as personnel specifically charged to patrol and protect the premises ... A tenant may rely upon a program of protection only within the reasonable expectations of the program. He cannot expect that a landlord will defeat all the designs of felonry. He can expect, however, that the program will be reasonably pursued and not fail due to its negligent exercise ...

485 A.2d at 747. *See Also: Kerns v. Methodist Hospital,* 393 Pa.Super. 533, 574 A.2d 1068, 1077 (1990); *Reider v. Martin,* 359 Pa.Super. 586, 519 A.2d 507, 509 (1987).

■ In reviewing the record in the case at bar in the manner most favorable to the plaintiff, we find it to be replete with material issues of fact insofar as whether or not the defendants voluntarily undertook to provide security for their tenants in the subject apartment complex. To be sure, the plaintiff, her roommate and an investigator all testified either at deposition or in affidavits that the apartments in the Wayne Manor complex were equipped with an intercom system known as the Entraguard system and that all of the apartments with kitchen windows adjacent to the fire tower in B Building, the building in which the plaintiff resided, with the exception of the plaintiff's apartment, had security bars in place at the time of this incident. Moreover, one of the defendants' managing agents, Judith Sasse, also acknowledged that prior to April, 1991 at least on the windows of the ground floor apartments in all three buildings in the complex, bars were in place for security purposes. (Deposition of Judith Sasse, dated 9/15/93, 56–58). Inasmuch as this evidence is sufficient to demonstrate that there is a gen-

uine issue for trial, the entry of summary judgment in favor of the defense is clearly unwarranted. So saying, the defendants' motion is denied in accordance with the following order.

## ORDER

AND NOW, this 24th day of November, 1993, upon consideration of Defendants' Motion for Summary Judgment, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion. ·