Terry L. RICHTER, Jr. and Judith A. Richter, husband and wife; and Traci R. Richter, Nicholas L. Richter and Anna C. Richter, by their Guardians, Terry L. Richter, Jr. and Judith A. Richter, Appellants–Plaintiffs,

v.

KLINK TRUCKING, INC., an Indiana Corporation, Appellee–Defendant.

No. 76A05–9204–CV–103.[1]

Court of Appeals of Indiana, Fourth District.

Sept. 16, 1992.

Rehearing Denied Oct. 28, 1992.

---

1. This case was diverted to this office by order    of the Chief Judge.

Stephen D. Trotter, Fort Wayne, Joe A. Rowe, Rowe, Laur & Associates, Kendallville, for appellants-plaintiffs.

Michael P. O'Hara, Gary J. Rickner, Barrett & McNagny, Fort Wayne, for appellee-defendant.

CONOVER, Judge.

Plaintiffs–Appellants Terry Richter, Jr. and his wife Judith appeal the trial court's grant of summary judgment in favor of Defendant–Appellee Klink Trucking.

Richter presents one issue for our review:

whether the trial court erred in granting summary judgment on the issue of liability when there were material issues of disputed fact which required resolution at trial.

We reverse.

The Richters' cause of action arose out of an automobile accident. On December 22, 1988, at approximately 4:50 p.m., Crystal Keck was driving on a road in Stueben County. It was sleeting. As she passed the entrance to a gravel pit owned by State Line Sand & Gravel, Inc., she encountered potholes and mud. She lost control of her car, crossed the centerline of the road, and collided head-on with an automobile driven by Judith Richter. Judith and her two children, who were passengers, sustained serious injuries as a result of the collision.

The Richters filed a complaint against State Line Sand and Gravel, Inc. (State Line) and Klink Trucking, Inc. (Klink) alleging the negligence of State Line and/or Klink caused their injuries. Specifically, they alleged the collision was proximately caused by the slick condition of the road adjacent to the entrance/exit of the gravel pit which was caused by debris which had fallen from trucks leaving the gravel pit.[2]

On June 6, 1991, Klink moved for summary judgment. With its motion, it presented affidavits from 9 of its 12 employees who drove on the day of the accident.[3] They stated Klink's trucks were in good operating condition, secure, and, to the best of their knowledge, Klink's trucks did not drop dirt, sand, or gravel on the public highway on any occasion. Also the president affirmed in an affidavit the loads Klink's trucks carried were well within the load capacity of the trucks used. He also stated none of the vehicles so used were serviced or reported as needing service in December, 1988, for any type of fluid or oil leak.

---

**2.** Subsequently, the Richters amended their complaint to expand their allegations of negligence to include ten additional entities which had hauled materials from the gravel pit. All the other entities then filed motions for summary judgment. The trial court held a combined hearing and granted all the defendants' motions. Klink filed its motion for summary judgment later and was not present at this hearing.

**3.** Three of the drivers, no longer employed by Klink, could not be located.

In opposition to the motion for summary judgment, the Richters relied primarily upon the pleadings, the deposition testimony of Keck, affidavits executed by Mark Grubb and Walter Stout, and the answers to interrogatories and admissions by Klink. In her deposition Keck stated she lost control of her car when she hit some potholes, gravel, and mud on the road near the gravel pit's driveway. She did not encounter gravel or dirt at any other location along the road. The investigating officer noted in his report mud, slush, and a slick substance were on the pavement where the accident occurred. The officer concluded the evidence at the scene was consistent with the explanation given by Keck.

In his affidavit Mark Grubb stated he was a former employee of the gravel pit and had been working there the day of the accident. He said when he heard the collision, he ran to the site. There he observed the highway was covered with dirt and other material which he said had been carried out by trucks loading that day. Further, he added the workers at the pit sometimes were not too careful when loading trucks: dirt would spill onto the sides of the trucks and bounce off onto the county road as the trucks left. He noted he knew that Klink's trucks were equipped with shovels in case of spillage. He remembered Klink had picked up approximately 30 to 40 truck loads of gravel and/or dirt from the pit that day.

In his affidavit, Walter Stout identified himself as an accident reconstruction expert. Based on the scatter pattern of the gravel and dirt, he concluded the dirt, mud, sand, and other materials found at the scene of the accident were not dropped by a passing vehicle but were deposited by trucks leaving the gravel pit.

After a hearing, the trial court granted Klink's motion for summary judgment, stating the Richters failed to designate or propound any evidence that Klink was negligent. The Richters appeal.

■ Our focus upon review of the trial court's grant of summary judgment is to determine whether there is any genuine issue as to any material fact and whether the defendants were entitled to judgment as a matter of law. *Omni Micro v. Hyundai Electronics* (1991), Ind.App., 571 N.E.2d 598, 600. We apply the same standards as the trial court, reviewing all the pleadings, depositions, answers to interrogatories, admissions, and any affidavits filed with the court in the light most favorable to the non-movant. *Tucher v. Brothers Auto Salvage Yard* (1991), Ind.App., 564 N.E.2d 560, 562, *trans. denied.* We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without determining weight or credibility. *Houin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593, 596. Summary judgment must be denied if the resolution thereof hinges upon a state of mind, credibility of witnesses, or weight of testimony. *Funk v. Funk* (1990), Ind.App., 563 N.E.2d 127, 129.

■ Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of over-kill in its use. *Id.* Summary judgment is inappropriate where the information before the court reveals a good faith dispute as to the inferences to be drawn from the evidence. *Id.* Summary judgment is rarely appropriate in negligence actions; issues of negligence, contributory negligence, causation, and reasonable care are most appropriately left for a determination by the trier of fact. *Jump v. Bank of Versailles* (1992), Ind. App., 586 N.E.2d 873, 875. Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Cornett v. Johnson* (1991), Ind.App., 571 N.E.2d 572, 574, *reh. denied.*

The Richters contend the evidence they presented, when viewed in the light most favorable to them, establish material issues of disputed fact do exist as to whether Klink's negligence created a dangerous condition on the highway which directly and proximately caused the injuries they sustained.

Klink responds the Richters failed to present specific facts to rebut its affidavits which deny Klink breached a duty to the Richters. Therefore, Klink urges no genuine fact question was in dispute for the trier of fact to resolve. It cites two cases

as factually similar, *Tucher*, 564 N.E.2d at 560, and *Czarnecki v. Hagenow* (1985), Ind. App., 477 N.E.2d 964. In *Tucher*, the plaintiff brought a negligence cause of action against the owners of a driveway alleging they were responsible for the gravel on the road which caused his motorcycle accident. On appeal, we found he did not make a sufficient showing of breach of duty to withstand motions for summary judgment. Although the parties agreed the gravel could have come from its driveway or it could have come from some other source, neither the plaintiff or the witnesses could identify the gravel as having come from the driveway. We held the plaintiff was required to come forward with some evidence, as opposed to guesses, that the gravel came from the driveway. *Id.* at 562.

In *Czarnecki*, the plaintiff alleged the defendant, or one of his employees, negligently attached a rope from a tractor to a haychopper, thereby causing the windshield of the tractor to shatter and blind the plaintiff. The defendant moved for summary judgment. We held since the plaintiff could come forward with no evidence of who did make the hookup, no genuine factual question was shown to be in dispute.

■ To prevail at trial, the Richters must prove the three elements of actionable negligence: 1) a duty flowing from Klink to the Richters; 2) Klink's breach of that duty; and 3) injury to the Richters stemming from the breach. *See N. Ind. Pub. Serv. v. E. Chicago San. D.* (1992), Ind.App., 590 N.E.2d 1067, 1072.

■ In order to achieve reversal of the summary judgment, however, the Richters need not carry that burden. When the affidavits or other evidence filed by the defendants establish the lack of a genuine issue of material fact, the burden is upon the Richters, as opponents of the motion for summary judgment, to respond by affidavit or otherwise set forth specific facts showing a genuinely disputed issue for trial. *Watson v. Medical Emergency Services* (1989), Ind.App., 532 N.E.2d 1191, 1193, *reh. denied, trans. denied.*

The Richters maintain, unlike the plaintiffs in *Tucher* and *Czarnecki*, they have presented circumstantial evidence, which when construed in their favor as non-movants in this summary judgment proceeding, raises a reasonable inference Klink was responsible for the hazardous condition of the highway. We agree.

In support of its motion Klink presented the affidavits of its drivers and president stating the trucks were in good operating condition, did not leak any fluid to the best of their knowledge, and were secure and did not permit spillage of any loads hauled by them.[4] We are required to scrutinize these affidavits with care and particularity while the Richters' evidence is viewed in a light most favorable to them.[5] *Tucher*, 564 N.E.2d at 562.

■ In response to Klink's motion for summary judgment, the Richters relied on their pleadings, the deposition of Keck, affidavits executed by Grubb and Stout, and the admissions by Klink. As an eyewitness, Grubb stated Klink had hauled 30 to 40 loads of dirt and gravel the day of the accident. He said the gravel pit employees were sometimes careless in loading dirt and gravel onto the trucks and it would spill onto the roadway. He also stated when he arrived at the scene of the accident he saw the debris on the road had fallen there that

---

**4.** For the purposes of this appeal, Klink does not challenge the Richters' allegations that it owed a duty to the Richters not to allow dirt, sand, and gravel to fall from its vehicles and contaminate the roadway and that the cause of the accident was the debris on the highway.

**5.** Affidavits supporting or opposing summary judgment must set forth such facts as would be admissible in evidence. T.R. 56(E). On appeal, the Richters argue Klink's affidavits contained self-serving conclusory statements which are in-

admissible as evidence, and thus the trial court improperly considered them in determining whether or not summary judgment was appropriate. However, they raise this for the first time on appeal. A complaining party has a duty to direct the trial court's attention to a defective affidavit, and failure to raise an objection constitutes waiver. *Paramo v. Edwards* (1990), Ind., 563 N.E.2d 595, 600. The Richters' failure to raise such an objection precludes consideration of this contention.

day. He noted Klink's trucks were equipped with shovels for clean ups. Stout, an expert witness, stated in his affidavit the scatter pattern of the gravel and dirt was deposited by trucks leaving the gravel pit.

Negligence may be proved by direct or circumstantial evidence. *Harper v. Guarantee Auto Stores* (1989), Ind.App., 533 N.E.2d 1258, 1265–1266, *trans. denied.* When circumstantial evidence is relied upon to raise an inference of negligence, it must be of such significance and relationship to one another that a reasonable conclusion of negligence can be founded thereon. *Id.* at 1266. Breach of duty is a question usually reserved to the trier of fact and can only be decided as a matter of law where the facts are undisputed and lead to but a single inference or conclusion. *Thiele v. Faygo Beverage, Inc.* (1986), Ind. App., 489 N.E.2d 562, 575, *reh. denied, trans. denied.* Any doubt as to a fact, or an inference to be drawn from the facts, is to be resolved in the favor of the nonmovant party. *Tucher,* 564 N.E.2d at 562. We note mere improbability of recovery at trial does not justify summary judgment against a plaintiff. *Jones v. Berlove* (1986), Ind.App., 490 N.E.2d 393, 395.

The Richters' evidence, although circumstantial, creates a reasonable inference Klink's trucks dropped some gravel and dirt onto the roadway as they left the pit that day. This inference conflicts with the affidavits Klink filed.

Since material issues of fact exist as to whether Klink was negligent and whether such negligence proximately caused the Richters' injuries, Klink was not entitled to judgment as a matter of law. Summary judgment was inappropriate.

Reversed and remanded for further proceedings not inconsistent with this opinion.

MILLER, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

The evidence is that the 30–40 loads hauled by Klink constituted over 95% of the total materials hauled on the day of the accident, I agree that a reasonable trier of fact might conclude that Klink was, more probably than not, the source of the debris condition which arguably was a proximate cause of the collision. I therefore concur.