Christopher Thomas SHEPARD, by next friend Peter A. SHEPARD and Marylou Shepard; Peter A. Shepard, and Marylou Shepard, Appellants–Plaintiffs,

v.

Clint PORTER; Richard K. Porter; Lorna K. Porter; Estate of Andrew Neal Perkins, and Thomas E. Hamer, as Administrator of the Estate of Andrew Neal Perkins; Steven A. Perkins; Para Lee "Bonnie" Baker; Chris Kuklenski, Mark Kuklenski, Cindy Alford, Keith Givens, Steven Givens, and Cindy Givens, Appellees–Defendants.

Clint PORTER, Richard K. Porter, and Lorna K. Porter, Appellants– Defendants,

v.

Christopher Thomas SHEPARD, by next friend Peter A. SHEPARD and Marylou Shepard, Appellees–Plaintiffs,

Estate of Andrew Neal Perkins, Thomas E. Hamer, as Administrator of the Estate of Andrew Neal Perkins, Steven A. Perkins, Para Lee "Bonnie" Baker, Chris Kuklenski, Mark Kuklenski, Cindy Alford, Keith Givens, Steven Givens, and Cindy Givens, Passive Appellees–Defendants.

No. 48A02–9606–CV–389.

Court of Appeals of Indiana.

June 10, 1997.

Rehearing Denied Aug. 13, 1997.

---

Ralph E. Sipes, Busby, Austin, Cooper & Farr, Anderson, for Appellants, Christopher Thomas Shepard by next friend Peter A. Shepard and Marylou Shepard; Peter A. Shepard, and Marylou Shepard.

Rick D. Meils, Joseph M. Dietz,, Meils Thompson Dietz & Congleton Indianapolis, for Appellants, Clint Porter, Richard K. Porter, and Lorna K. Porter.

Stephen L. Bola, Alan J. Irvin, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, for Appellees Estate of Andrew Neal Perkins, Thomas E. Hamer, as Administrator of the Estate of Andrew Neal Perkins, and Para Lee "Bonnie" Baker.

Thomas M. Carusillo, Smith & Wade, Indianapolis, for Appellees, Keith Givens, Steven Givens and Cindy Givens.

Ralph E. Sipes, Busby, Austin, Cooper & Farr, Anderson, for Appellees, Christopher Thomas Shepard, by next friend Peter A. Shepard and Marylou Shepard.

## OPINION

FRIEDLANDER, Judge.

In this consolidated appeal, several parties in a negligence action appeal rulings on various summary judgment motions, as well as rulings on a motion to strike certain materials submitted in opposition to summary judgment.

The facts favorable to the nonmoving party are as follows. On October 18, 1991, thirteen-year-old Christopher Shepard, Clint Porter, Andrew Perkins, Chris Kuklenski, Keith Givens, Kyle Smith, Tanner Leibovitz, and Brandon Buck, all minors, left a middle school dance and went to Shepard's home, for Shepard, to retrieve a cigarette lighter. The lighter, upon use, created a spark, but would not produce a flame, so Shepard took the lighter and a bottle of lighter fluid and rejoined the other boys outside. The other boys told Shepard that the lighter was non-refillable and would not work. Shepard put the bottle of lighter fluid in his back pocket. The boys then decided to walk to a nearby shopping mall.

While walking to the mall, the boys encountered a vehicle stopped at an intersection. The occupants of the vehicle asked the boys if they needed a light, whereupon Perkins and Givens responded that they did. The occupants of the car gave Perkins a lighter and Perkins, Porter, Kuklenski, and Givens passed the lighter among themselves and lit cigarettes. The boys resumed their trip to the mall.

In the mall parking lot, the boys were "piggy-backing" each other. Shepard fell off of Perkins's back and the container in his back pocket leaked, soaking his pants with lighter fluid. A moment later, Buck, Leibovitz, and Smith were walking in front of Shepard while Perkins, Porter, Kuklenski, and Givens were walking behind Shepard. Shepard heard Perkins say, "Come here, Chris, let me give you a light!" *Record* at 18. Shepard then heard someone say, "Watch this!" *Id.* Shortly thereafter, flames erupted on the back of Shepard's pants. Before the flames were extinguished, Shepard suffered second- and third-degree burns to his upper thighs, buttocks, abdomen, lower back, and left hand.

Shepard's parents filed a negligence action against Porter, the Estate of Andrew Perkins,[1] Kuklenski, and Givens. The complaint named as defendants not only the boys

(Count I), but also the boys' parents. The parents were named on the theories of knowing, intentional, or reckless causing of injury by the parent's child, pursuant to Ind.Code Ann. § 34-4-31-1 (West Supp.1996) (Count II), and negligent supervision (Count III).[2]

Givens filed a motion for summary judgment and the court set the matter for hearing. The court thereafter ordered the parties to submit to mediation, and further ordered that all dispositive motions, including summary judgment motions, be filed. The court ordered Shepard to respond to all dispositive motions, including the summary judgment motion. Perkins and Porter each filed summary judgment motions prior to the deadline. Shepard responded to the various summary judgment motions by the deadline.

The defendants filed several motions to strike portions of the materials designated by Shepard in opposition to summary judgment. The court conducted a hearing on the motions to strike and took the matter under advisement. The court also conducted a hearing on the three summary judgment motions. On February 16, 1996, the court struck certain materials filed by Shepard and entered summary judgment in favor of Givens and Perkins. The court denied Porter's summary judgment motion. Shepard appealed the granting of summary judgment in favor of Givens and Perkins. This court granted Porter's request to accept jurisdiction of an interlocutory appeal of the denial of Porter's summary judgment motion. Shepard's and Porter's appeals were later consolidated into the instant action.

The parties present the following restated issues for review:

1. Did the court err in refusing to strike certain portions of the evidentiary materials designated by Shepard in opposition to summary judgment?

2. Did the trial court err in denying summary judgment for Porter and granting summary judgment in favor of Perkins and Givens?

---

1. Andrew Perkins was killed in an automobile accident on June 29, 1993.

2. For the sake of simplicity, we will henceforth refer to the parties only by the boy's names, but intend thereby to include the parents, unless otherwise indicated.

3. Did the trial court err in denying summary judgment for the parents on the theory of negligent supervision?

4. May Shepard recover from the parents under the theory of negligent supervision?

We affirm in part, reverse in part, and remand.

### 1.

Porter contends that the trial court erred in refusing to strike certain portions of the materials designated by Shepard in opposing the various summary judgment motions.

■ In opposing summary judgment, Shepard submitted an affidavit that incorporated (1) a statement he gave to Officer Clifford Cole of the Anderson Police Department (the Cole Statement) while at the Saint John's Medical Center, within one hour of the incident, (2) a statement Shepard gave to Officer Suzan Hardin several days later, and (3) a transcript of an interview with Shepard conducted eighteen days after the incident by Detective Kevin Smith. Porter contends that the trial court erred in refusing to strike the affidavit because the materials do not comply with Rule 56(E) of the Indiana Rules of Trial Procedure, which states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Porter contends that the statements in question are not properly authenticated, therefore are not admissible, and thus should have been stricken.[3] The decision whether a document has been properly authenticated is committed to the sound discretion of the trial court. *Boarman v. State,* 509 N.E.2d 177 (Ind.1987).

■ As a preliminary matter, we note that Shepard was present and had the opportunity to observe most of the circumstances surrounding the occurrence, with one notable exception as set out below. Therefore, he is competent to testify in that regard. *See Scott v. City of Seymour,* 659 N.E.2d 585 (Ind.Ct.App.1995).

■ The three statements recount Shepard's version of the occurrence. Although the statements themselves do not contain Shepard's signature, Shepard attested in the affidavit through which they were offered that each was a true and accurate transcription of the various statements he gave to police. Shepard's signature on the affidavit was sufficient to subject him to prosecution if representations made in the affidavit were shown to be false, including the representation that he made the three statements in question. This was sufficient authentication under T.R. 56. *See Jordan v. Deery,* 609 N.E.2d 1104 (Ind.1993). Having determined that the court did not err in denying the motion to dismiss on the basis of inadequate authentication, we nevertheless conclude that the court should have stricken a portion of the Cole Statement.

■ A trial court has authority to strike improper provisions in affidavits supporting or opposing summary judgment. *Pathman Constr. Co. of Highland Park v. Drum–Co Engineering Corp.,* 402 N.E.2d 1 (Ind.Ct. App.1980). The Cole Statement includes the following: "Then [Shepard] said Clint set his pants on fire, but did not know what was used to set them on fire." *Record* at 596. Since making the above statement, Shepard has consistently admitted that he does not know who set fire to his pants. Therefore, that portion of the Cole Statement should have been stricken. *See Claxton v. Hutton,* 615 N.E.2d 471, 476 (Ind.Ct.App.1993) ("[a]

---

3. Shepard also contends that the issue is waived because Porter did not seek certification of the ruling on the motion to strike, but instead sought certification only of the denial of the summary judgment motion. Our supreme court has recently clarified that "[a]ny issues that were properly raised in the trial court in ruling on the trial court's summary judgment order are available on interlocutory appeal." *Harbour v. Arelco, Inc.,* 678 N.E.2d 381, 386 (Ind.1997). Porter raised the issue of the admissibility of the affidavits at the trial court level; therefore, the issue was not waived.

nonmovant may not create issues of fact merely by submitting an affidavit which contradicts sworn testimony"). In all other respects, the ruling on the motion to strike is affirmed.

### 2.

Porter contends the trial court erred in denying his summary judgment motion, while Shepard contends that the trial court erred in granting summary judgment in favor of Perkins and Givens.[4]

■ When reviewing a summary judgment ruling, our task is the same as that of the trial court. We consider only the designated evidence in a light most favorable to the nonmovant and determine whether there exists a genuine issue of material fact and whether the law has been correctly applied by the court. *Frye v. Trustees of Rumbletown Free Methodist Church,* 657 N.E.2d 745 (Ind.Ct.App.1995).

■ The three essential elements of a negligence action are: 1) a duty on the part of the defendant to conform his conduct to the standard of care arising from his relationship with the plaintiff; 2) the defendant's failure to conform to the requisite standard of care; and 3) injury to the plaintiff that was proximately caused by the breach. *Greathouse v. Armstrong,* 616 N.E.2d 364 (Ind.1993). The appellees' summary judgment motions were premised upon the argument that Shepard's action was fatally deficient on the second of the three elements. That is, as to each individual defendant, Shepard failed to offer evidence giving rise to a reasonable inference that the particular boy in question set Shepard on fire. This contention, in turn, was based upon Shepard's admission that he did not know which of the four boys lit the fire. Accordingly, the controversial element of Shepard's negligence suit concerns the identity of the person who caused Shepard's pants to ignite.

■ The evidence favorable to Shepard reveals that Shepard's back was turned on the other boys when the flames erupted. Shepard nevertheless contends that he offered sufficient evidence to permit an inference of negligence based upon the doctrine of *res ipsa loquitur.* Porter contends the doctrine does not apply. We agree with Porter. However, we conclude that the materials designated by Shepard were sufficient to withstand summary judgment, without need to resort to *res ipsa loquitur.*

■ Although a lighter had been passed among the four defendants shortly before the fire was lit, Porter correctly notes that there is nothing among the designated materials definitively establishing which of the four boys was in possession of a lighter at the time Shepard ignited.[5] Although it is true that Shepard cannot himself offer eyewitness testimony identifying the tortfeasor, this is not to say the complaint and the materials supporting the complaint were devoid of any evidence permitting an inference that one of the defendants lit the fire. It is well settled that a finding of negligence can be established through circumstantial evidence alone. *Richter v. Klink Trucking, Inc.,* 599 N.E.2d 223 (Ind.Ct.App.1992), *trans. denied.* We conclude that the materials designated by Shepard are sufficient to create a question of fact, as to each boy named as a defendant, regarding whether that boy lit the fire.

Porter, Perkins, Kuklenski, and Givens each had lit a cigarette with a lighter during the walk to the mall. Each had possession of a lighter shortly before Shepard was set afire. Seconds before the occurrence, Perkins said to Shepard, "Come here, Chris, let me give you a light!" *Record* at 18. While saying this, Perkins was holding a lighter that he was sparking in Shepard's direction. When Shepard was set afire from behind, Perkins, Porter, Kuklenski, and Givens were standing nearby and behind him, with Porter positioned right behind Shepard. Immediately after Shepard was ignited, Perkins, Kuklenski, and Givens fled, followed shortly thereafter by Porter.

---

4. Kuklenski did not submit a motion for summary judgment.

5. Although not particularly relevant to our determination, there is a dispute as to whether there was one, two, or possibly even three lighters among the boys on the evening in question.

■ It is of no moment that the designated materials upon which Shepard relies provide evidence that is circumstantial in nature. *Richter v. Klink Trucking, Inc.*, 599 N.E.2d 223. In view of the fact that any one of the boys could have been in possession of a lighter, and that each was positioned such that he could have lit the fire, we cannot say as a matter of law that any one of the four boys behind Shepard could not have started the fire. Therefore, there remains a question of fact, as to each boy, concerning whether that boy started the fire. In so holding, we reject the argument that if the victim of another's negligence cannot himself positively identify which of several possible tortfeasors caused his injury, a jury likewise would be incapable of making that determination based upon circumstantial evidence. At trial all the relevant evidence may be submitted. Witnesses will be subject to cross-examination, and the jury may properly make credibility determinations.

Our review of the designated materials convinces us that the determinations of whether one of the boys set Shepard on fire, and, if so, which one, are questions of fact that must be decided by a jury. Accordingly, we affirm the denial of Porter's summary judgment motion and reverse summary judgment in favor of Perkins and Givens.

### 3.

■ Porter contends that Porter's parents are not liable under Count III, premised upon the theory of negligent supervision, and were entitled to summary judgment on that count.

■ We note at the outset that Shepard responds by arguing that negligence is not an element of liability under IC § 34-4-31-1 because the statute imposes what amounts to strict liability upon parents when their child knowingly, recklessly, or intentionally causes injury. Shepard is correct on this point. *See Wells v. Hickman*, 657 N.E.2d 172 (Ind. Ct.App.1995). However, we interpret Porter's claim upon appeal to be that he was entitled to summary judgment on the negligent supervision claim, as distinguished from the claim arising under IC § 34-4-31-1.

■ This court recently explained the duty element of the tort of negligent parental supervision as follows:

The [negligent supervision] exception provides that a parent has a duty to exercise control over her minor child "when the parent knows or should know that injury to another is possible." [*K.C. v. A.P.*, 577 So.2d 669, 671 (Fla.App.1991), *review denied*, 589 So.2d 289.] To be liable the parent must know that her child "had a habit of engaging in the particular act or course of conduct which led to the plaintiff's injury." *Id.* ...

Imposition of a duty is limited to those circumstances where a reasonably foreseeable victim is injured by a reasonably foreseeable harm.... We conclude that a duty attaches when there has been a failure to control and the parent knows or should have known that injury to another was reasonably foreseeable. Specifically, the parent must know or should have known that the child had a habit of engaging in the particular act or course of conduct which led to the plaintiff's injury.

*Wells*, 657 N.E.2d at 177–78 [footnote and some citations omitted].

Count III alleged that the duty of the parents of the four boys named as defendants arose because the parents knew or should have known of the need for close supervision because "each [of the boys] had mischievous, reckless, heedless, or vicious and malicious dispositions, and reputations for possessing such dispositions." *Record* at 23.

We do not read the negligent supervision exception to the general rule that parents are not liable for the torts of their children, as announced in *Wells*, as expansive enough to impose a duty based upon knowledge of the child's general disposition alone. Rather, liability attaches only when the parent knows or should know of the child's propensity to engage "in the *particular* act or course of conduct which led to the plaintiff's injury." *Wells*, 657 N.E.2d at 178 [emphasis supplied].

In this case, the "particular act" upon which the inquiry focuses is the act of starting fires. The materials designated by Shep-

ard do not contain evidence that Porter,[6] Perkins, Kuklenski, or Givens had a propensity to engage in such activity. Therefore, the victim and cause of injury were not sufficiently foreseeable to impose a duty upon the parents, the breach of which would expose them to liability for negligent supervision.

Therefore, the trial court should have granted summary judgment for Porter, Perkins, and Givens upon this theory.[7]

### 4.

■ Finally, we address Shepard's contention that he may recover from Perkins, Porter, Givens, and Kuklenski on a conspiracy theory, i.e., "all are equally liable along with whichever of them was the principal actor who ignited Chris." *Porter's Appellant's Brief* at 29–30.

■ A conspiracy exists when two or more persons agree, through concerted action, to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Indianapolis Horse Patrol, Inc. v. Ward,* 247 Ind. 519, 217 N.E.2d 626 (1966). We note that Shepard's complaint for damages did not include an allegation of civil conspiracy.[8] Be that as it may, there is no evidence of record that permits a reasonable inference that setting Shepard's pants on fire was the result of an agreement by the four boys behind Shepard to accomplish that purpose. The facts that the four boys were all behind Shepard when the fire started and had recently been in possession of a lighter are not enough from which it may be inferred that they engaged in concerted action to start the fire. This inference can only be arrived at through impermissible speculation. Shepard may not recover from the defendants upon this theory.

The denial of the motion to strike is affirmed, except with respect to that portion in which Shepard identifies Porter as the person who lit the fire, which is ordered stricken. The denial of Porter's summary judgment motion is affirmed except with respect to Count III, alleging negligent supervision. The grant of summary judgment in favor of Perkins and Givens is reversed, except with respect to Count III, for which summary judgment is affirmed. This cause is remanded for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

KIRSCH and GARRARD, JJ., concur.

---

**6.** It is true that Shepard submitted an affidavit executed by Marylou Shepard, Christopher's mother, paragraph 14 of which permitted an inference that Porter had a history of playing with fire. However, the trial court properly struck that portion of the affidavit, presumably on hearsay grounds. Absent the stricken material, Shepard failed to designate material tending to show that Porter had a propensity for playing with fire that his parents knew or should have known.

**7.** Kuklenski did not submit a summary judgment motion.

**8.** In fact, civil conspiracy is not an independent cause of action. *Winkler v. V.G. Reed & Sons, Inc.,* 638 N.E.2d 1228 (Ind.1994).