

FILED

Sep 19 2023, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David W. Stone IV
Stone Law Office & Legal Research
Anderson, Indiana

Franklin D. Julian
William A. Keller
Anthony R. Steven
Sweeney Julian
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Jeremy J. McDonald
Nathan D. Ridgway
Clint A. Zalas
Lee & Zalas, P.C.
South Bend, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Force, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> New China Hy Buffet LLC, <br> *Appellee-Defendant.* | September 19, 2023 <br><br> Court of Appeals Case No. <br> 22A-CT-2759 <br><br> Appeal from the <br> St. Joseph Superior Court <br><br> The Honorable <br> Jenny Pitts Manier, Judge <br><br> Trial Court Cause No. <br> 71D05-2003-CT-79 |

**Opinion by Senior Judge Baker**
Judges Crone and Foley concur.

**Baker, Senior Judge.**

## Statement of the Case

After enjoying a meal with his wife and his brother-in-law at a buffet restaurant, Charles Force fell and became injured. He sued the restaurant's owner, New China Hy Buffet, LLC ("New China"), alleging his fall was caused by New China's negligent failure to clean the floor. The trial court granted summary judgment in favor of New China. Concluding Force's designated evidence establishes a genuine dispute of material fact on the question of causation, we reverse and remand.

## Issue

Force raises one issue, which we restate as: whether the trial court erred in granting New China's motion for summary judgment.

## Facts and Procedural History

On January 25, 2020, Force, his wife Stephanie Force ("Stephanie"), and Stephanie's brother, Jerimiah Steele, arrived at the New China Buffet for dinner. Force noticed the restaurant was humid, because the windows were fogged and the air felt steamy. Stephanie also saw moisture on the windows. The restaurant had carpeted floors except around the buffet tables, where there were tiles. Stephanie felt condensation on the floor as the group walked to their table.

[4] During their meal, Force and his companions went to the buffet tables. Steele slipped on the tiled portion of the floor, but he did not fall. He noticed a "shiny" patch on the tile floor that appeared to be "water and grease." Appellant's App. Vol. II, p. 83.

[5] Later, Force and his companions finished their meal and left their table. Force fell as he stepped from the carpet onto the tiles, striking his right knee on the ground. Other restaurant guests helped him stand up, and he moved to a chair near the exit. Stephanie looked at the spot where Force had fallen and noted "a thin layer of grease, oil, or some other slick substance . . . ." *Id.* at 79. After Force rested for a few minutes, Stephanie and Steele helped him walk to their vehicle, and they went to the hospital.

[6] While they were at the hospital, Stephanie noticed a greasy black mark on Force's pants. Force described the mark as "food grease soil," *id.* at 35, and "oily gunk," *id.* at 36. The mark was at the spot where Force's knee had touched the floor and had not been present before his fall at New China's restaurant. Stephanie stated Force's jeans did not have any marks prior to his fall at New China. Later that day, when Stephanie prepared to launder Force's pants, she smelled the mark and noticed an odor of grease.

[7] Force sued New China, alleging its employees negligently failed to keep the floor clean, resulting in his injury. New China moved for summary judgment. The trial court held a hearing and later granted New China's motion. This appeal followed.

# Discussion and Decision

[8] Force asks the Court to reverse the trial court's grant of summary judgment, arguing he designated evidence that was "more than sufficient to create an issue of fact as to what caused the fall." Appellant's Br. p. 6. We review a trial court's summary judgment decision de novo, using the same standard as the trial court. *Griffin v. Menard, Inc.*, 175 N.E.3d 811, 812-13 (Ind. 2021). Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

[9] "The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law . . . ." *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009). If the movant satisfies that burden, "the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact." *Id.* "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth . . . ." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). "We must construe all factual inferences in favor of the non-moving party, and all doubts as to the existence of a material issue must be resolved against the moving party." *Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1191 (Ind. Ct. App. 2011).

The Indiana Supreme Court has explained, "Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014). As a result, while the non-moving party has the burden on appeal of showing the Court that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure the non-movant was not improperly denied a trial. *Brown by Brown v. Southside Animal Shelter, Inc.*, 158 N.E.3d 401, 405 (Ind. Ct. App. 2020), *adhered to on reh'g*, 162 N.E.3d 1121 (2021), *trans. denied*.

Force claims New China was negligent. "The elements of negligence are duty, breach of duty, and damages proximately caused by the breach." *Hellums v. Raber*, 853 N.E.2d 143, 145-46 (Ind. Ct. App. 2006). "It is a well-settled principle that [a] tort can be proven by circumstantial evidence alone." *Thomas v. State*, 698 N.E.2d 320, 324 (Ind. Ct. App. 1998), *trans. denied*.

The parties' dispute focuses on the element of causation. "A negligent act or omission is the proximate cause of an injury if the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated." *Gates v. Riley ex rel. Riley*, 723 N.E.2d 946, 950 (Ind. Ct. App. 2000), *trans. denied*. Put differently, "[p]roximate cause requires that there be a reasonable connection between the defendant's allegedly negligent conduct and the plaintiff's damages." *Id.*

"Generally, it is the jury's function to determine whether a defendant's conduct was a substantial factor in bringing about injury; when there might be a reasonable difference of opinion as to the foreseeability of a particular risk or the reasonableness with regard to it, the question is also one for the jury." *Harper v. Guarantee Auto Stores*, 533 N.E.2d 1258, 1264 (Ind. Ct. App. 1989), *trans. denied*. "Only in plain and indisputable cases, where only a single inference or conclusion can be drawn, are the questions of proximate cause and intervening cause matters of law to be determined by the court." *Peters v. Forster*, 804 N.E.2d 736, 743 (Ind. 2004).

In *Golba v. Kohl's Dep't Store, Inc.*, 585 N.E.2d 14, 17 (Ind. Ct. App. 1992), *trans. denied*, a person who fell in a department store opposed the store's motion for summary judgment but did not prevail in the trial court, despite designating evidence showing she slipped on a small piece of debris in the store several hours after employees had swept the floors. The Court reversed the trial court's grant of summary judgment, determining the person's evidence established a dispute of fact that required a jury to decide the question of causation. *Id.*; *see also St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis*, 783 N.E.2d 274, 281 (Ind. Ct. App. 2002) (affirming denial of hospital's motion for judgment on evidence in slip and fall case; victim provided evidence he had slipped on water in break room, and the back of his clothes were wet); *Barsz v. Max Shapiro, Inc.*, 600 N.E.2d 151, 153 (Ind. Ct. App. 1992) (reversing grant of summary judgment to restaurant owner in slip and fall case; victim designated evidence showing her

fall was caused by stepping in something slippery, and a water glass was found on floor near where victim fell).

[15] The circumstances of Force's case resemble those in *Golba*, *Loomis*, and *Barsz*. When Force, Stephanie, and Steele entered the restaurant, Force and Stephanie saw moisture on the windows. Force further noticed the air was steamy. In addition, Stephanie felt moisture on the floor as she walked to their table, and Steele slipped as he obtained food from a buffet. Steele observed a patch of water or grease on the floor. After Force fell, Stephanie saw a thin layer of liquid on the floor. Also, Force and Stephanie noticed a black mark on the knee of Force's jeans, at the spot where his knee touched the floor. The spot appeared oily to Force, and Stephanie smelled grease on the spot. Stephanie stated the mark had not been on Force's jeans prior to his fall. This evidence establishes a genuine dispute of material fact as to whether Force's fall was caused by New China's negligent failure to keep the floor clean.

[16] New China argues negligence cannot be inferred merely because an accident occurred. We do not quarrel with that principle, but the facts here establish more than an accident. Instead, Force presented material facts to support his claim that New China's negligence caused his injury. Next, New China points to alleged inconsistencies in Stephanie and Steele's deposition testimony, but any inconsistencies would pertain to their credibility. And "[s]ummary judgment must be denied if the resolution hinges upon state of mind, credibility of the witnesses, or the weight of the testimony." *Nelson v. Jimison*, 634 N.E.2d

509, 512 (Ind. Ct. App. 1994). The trial court erred in granting New China's motion for summary judgment.

## Conclusion

[17] For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings.

[18] Reversed and remanded.

Crone, J., and Foley, J., concur.